NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GLEN EARL VIVIAN,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>　　　　　　Defendant-Appellee. | No.　17-16254<br><br>D.C. No. 2:16-cv-00227-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted October 16, 2019[**]

Before:　GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Glen Earl Vivian appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Vivian's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge ("ALJ") proffered specific, clear, and convincing reasons for discounting Vivian's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may discredit claimant's testimony based on "'prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid'" (citation omitted)). Although the ALJ failed to provide germane reasons for discounting lay witness evidence, the error was harmless because the lay witnesses "did not describe any limitations beyond those [the claimant] described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting the controverted opinions of Vivian's treating physician, Dr. S.K. Uppal. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discount medical opinions that are not supported by the record as a whole or by objective medical findings).

Any error at step two in failing to list Vivian's hand, knee, and hip

impairments and spinal osteoarthritis was harmless because the ALJ resolved step two in Vivian's favor and considered all of his symptoms in formulating the residual function capacity ("RFC"). *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

Because the ALJ applied the proper legal standard in determining Vivian's RFC, and the ALJ's determination is supported by substantial evidence, we reject Vivian's challenge to the RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination of [the claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.").

Substantial evidence supports the ALJ's finding at step five that, through Vivian's date last insured, jobs existed in significant numbers in the national economy that Vivian could have performed. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223 (9th Cir. 2009). The ALJ did not err in using the age category that corresponded to Vivian's age. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (ALJ is not required to use an older age category in borderline cases). Any error in failing to specify in the ALJ's hypotheticals that Vivian attended twelve years of school but did not graduate was

17-16254

harmless because it is "'inconsequential to the ultimate nondisability determination.'" *Molina*, 674 F.3d at 1115 (citation omitted). Because Vivian has not shown that the ALJ erred earlier in the sequential analysis, his additional arguments concerning step five lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED**.